*Rehearing Denied October 5, 2007:*

PEOPLE v NYX. Reported at 479 Mich 112.

CORRIGAN, J. (*concurring*). I concur in the denial of the motion for rehearing, but I write separately to clarify that double jeopardy principles do not bar the prosecutor from charging defendant with and retrying him for second-degree criminal sexual conduct. Defendant may be retried for that offense because he successfully appealed his conviction and the reversal was *not* based on insufficient evidence to support the guilty verdict. See *Burks v United States*, 437 US 1 (1978); *Tibbs v Florida*, 457 US 31 (1982); *Lockhart v Nelson*, 488 US 33 (1988).

WEAVER, J. I join the statement of Justice CORRIGAN.

YOUNG, J. (*concurring*). I join in Justice CORRIGAN's concurrence in the denial of the appellant's motion for rehearing, as it is unnecessary for this Court to provide further explication on what is a bedrock double jeopardy principle. See *United States v Ball*, 163 US 662 (1896); *Stroud v United States*, 251 US 15 (1919); *Louisiana ex rel Francis v Resweber*, 329 US 459

---

(1947); *Green v United States,* 355 US 184 (1957); *United States v Tateo,* 377 US 463 (1964); *United States v Ewell,* 383 US 116 (1966); *United States v Scott,* 437 US 82 (1978); *Tibbs v Florida,* 457 US 31 (1982); *Justices of Boston Muni Court v Lydon,* 466 US 294 (1984); *Montana v Hall,* 481 US 400 (1987); *Lockhart v Nelson,* 488 US 33 (1988); *Monge v California,* 524 US 721 (1998).

*Orders Entered October 16, 2007:*

PROPOSED AMENDMENT OF RULES 2.119, 7.204, AND 7.205 OF THE MICHIGAN COURT RULES. On order of the Court, this is to advise that the Court is considering amendments of Rules 2.119, 7.204, and 7.205 of the Michigan Court Rules. This proposal is a republication of proposed amendments initially published November 7, 2006, in this file, and reflects significant changes from the original proposal. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford interested persons the opportunity to comment on the form or the merits of the proposal or to suggest alternatives. The Court welcomes the views of all. This matter also will be considered at a public hearing. The notices and agendas for public hearings are posted at www.courts.michigan.gov/supremecourt.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 2.119. MOTION PRACTICE.

(A)-(E) [Unchanged.]

(F) Motions for Rehearing or Reconsideration.

(1) Unless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than ~~14~~ 21 days after entry of an order ~~disposing of~~ deciding the motion.

(2)-(3) [Unchanged.]

(G) [Unchanged.]

RULE 7.204. FILING APPEAL OF RIGHT; APPEARANCE.

(A) Time Requirements. The time limit for an appeal of right is jurisdictional. See MCR 7.203(A). The provisions of MCR 1.108 regarding computation of time apply. For purposes of subrules (A)(1) and (A)(2), "entry" means the date a judgment or order is signed, or the date that data entry of the judgment or order is accomplished in the issuing tribunal's register of actions.

(1) An appeal of right in a civil action must be taken within

(a) [Unchanged.]

(b) 21 days after the entry of an order ~~denying~~ deciding a motion for new trial, a motion for rehearing or reconsideration, or a motion for other